VAI, Respondent, *vs.* WELD *et al.*, Appellants.

1. A landlord is not bound to repair unless he covenants so to do in his lease.
2. Nor is he liable to his tenant for damages caused by a nuisance on the leasehold premises, unless upon some contract, or unless the nuisance arises from some act with which he is connected.

*Appeal from St. Louis Law Commissioner's Court.*

M. & F. P. *Blair*, for appellant.
C. C. *Carroll*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

Vai sued the defendants before the law commissioner, charging in his petition, that he rented from them for the term of ten years, a store room in a block of buildings then being

Vai *v.* Weld et al.

erected by the defendants. That before the buildings were completed, he discovered that a privy was being constructed immediately in the rear of the store he was to occupy, and being apprehensive of annoyance therefrom, he applied to defendants upon the subject, and was *assured by them* that the privy would not in the least disturb him in the enjoyment of his premises, but soon after he took possession, the smell from the privy became insufferable, and greatly offensive to all persons coming into his store, and endangering his health. He also alleges that the roof of the building leaked badly, so as to produce dampness in his store room, and injure him in his business.

1. The lease is upon the record, and contains no stipulations on the part of the defendants which are violated by the facts charged in the petition. There is no covenant to put the premises into a tenantable condition, or preserve them in such condition after their completion. The action then cannot be maintained upon the contract contained in the lease. 2. There is no allegation that the defendants have any connection with the nuisance from the privy, of which the plaintiff complains. For aught that appears in the petition, the whole inconvenience under which the plaintiff occupies his store, may be the result of his own use of the privy. The defendants, in order to be responsible to the plaintiff, must either be liable on some contract, or for some act with which they are connected, and such contract, or their connexion with the act, must be stated in the petition. The assurance stated to have been given by the defendants, that the privy would not annoy the plaintiff, does not appear, in the form given it in the petition, to be a contract or agreement that the privy should not annoy the plaintiff in the occupancy of the premises he was to hold. It may be a representation or merely the expression of an opinion.

The plaintiff, on his own statement, was not entitled to recover of the defendants, and as he obtained a verdict and judgment, it must be reversed and the cause will be remanded, in order that the plaintiff may amend his petition if he really has a cause of action. The other Judges concur.