McGINLEY Appellant, v. ALLIANCE TRUST COMPANY.

|168   257|
|169   198|
|d169  ¹199|

#### Division One, March 29, 1902,

1. **Landlord and Tenant:** FLATS: REPAIRS TO COMMON STAIRWAYS, ETC.: NEGLIGENCE. The landlord who leases separate portions of the same building to different tenants, and retains exclusive control, for the purpose of repairs and construction, of the porches, galleries and stairways used in common by all the tenants, is under an implied obligation to use reasonable diligence to keep such reserved parts in a safe condition for the use of a tenant who occupies a part of the premises and for the members of his family; and for a failure to perform that duty the law attaches to him liability for injury to such tenant or to a member of his family.

2. ———:STAIRWAY: PROPER USE: QUESTION FOR JURY. The daughter of the tenant to whom had been rented a suite of rooms in a "flat" or apartment house, was, with her two sisters, sitting on the steps

of the stairway appurtenant to the entire building, eating a luncheon, and as her mother attempted to come into the house by means of this stairway, she arose to make room for her to pass, and in doing so leaned against the railing, which broke loose and she fell to the ground below. *Held,* that whether this was such a use as the landlord, when he rented the rooms to her father, and thereby invited his family to make use of it, had a right to anticipate would naturally be made of it, is a question for the jury, in the light of the evidence and the ordinary experiences of mankind.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Wash Adams, N. F. Heitman* and *Thos. F. Gatts* for appellant.

The court erred in sustaining the demurrer to the evidence and in overruling the motion to set aside the nonsuit. The defendant was guilty of negligence. The owner of a building, who divides it into several apartments, which he lets to various tenants, retaining to himself control of the halls and stairways for the common use of the different tenants, and those having lawful occasion to be there, is bound to see that reasonable care and skill are exercised to render the halls and stairways reasonably fit for the uses which he thus invites his tenants and others to make of them; and is responsible for any injury which his tenants and others, lawfully using them with due care, sustain through his failure to discharge this duty. Responsibility follows control. 18 Am. and Eng. Ency. of Law (2 Ed.), pp. 217, 220 and 245; Sawyer v. McGillicuddy, 81 Me. 318, 10 Am. St. Rep. 260, 3 L. R. A. 458; Miller v. Hancock, 4 Q. B. App. 478; McMartin v. Hannay, 10 Ct. Sess. Cas (3rd Ser.) 411; Ivey v. Hedges, L. R. 9, Q. B. Div. 80; Gilloon v. Reilly, 50 N. J. L. 26; Gleason v. Boehm, 58 N. J. L. 475; Peil v. Reinhart,

127 N. Y. 381, 12 L. R. A. 843; Karlson v. Healey, 56
N. Y. Supp. 361; Dollars v. Roberts, 130 N. Y. 269, 14
L. R. A. 238, and valuable note distinguishing Ward v.
Fagin, 10 L. R. A. 149; Watkins v. Goodall, 138 Mass.
533; Looney v. McLean, 129 Mass. 33, 37 Am. Rep. 295;
Harrison v. Jelly, 175 Mass. 292; Wilcox v. Zane, 167 Mass.
302; O'Maley v. Assoc., 170 Mass. 471 (Hoisting apparatus);
Coupe v. Platt, 172 Mass. 458, 70 Am. St. Rep. 293; Robbins
v. Atkins, 168 Mass. 45; Marley v. Wheelwright, 172 Mass.
530; Priest v. Nichols, 116 Mass. 401; Milford v. Holbrook,
9 Allen 17; Lindley v. Leighton, 150 Mass. 285; Shipley v.
Asso., 101 Mass. 251; Readman v. Conway, 126 Mass. 374;
Gorden v. Cumminge, 152 Mass. 513, 23 Am. St. Rep. 846;
Yeydecker v. Brintnall, 158 Mass. 292; Marwedel v. Cook,
154 Mass. 235; Freidenburg v. Jones, 66 Ga. 501 (Control
and use in common); Nash v. Mill Co., 24 Minn. 501, 31
Am. Rep. 349 (Control and invitation to use); O'Connor v.
Andrews, 81 Tex. 28; Burns v. Soloman (C. P.), 3 Ohio N.
P. 185, 1 Ohio L. D. 232; Schilling v. Abernathey, 112 Pa.
St. 437; Payne v. Irvin, 144 Ill. 482; Glickauf v. Maurer,
75 Ill. 289, 20 Am. Rep. 238; Tomle v. Hampton, 129 Ill.
379 (Invitation to use); Fisher v. Janson, 30 Ill. App. 91,
s. c., 128 Ill. 549; Brunker v. Cummins, 133 Ind. 443 (In-
vitation to use); Barman v. Spencer (Ind.), 44 L. R. A. 815;
Davis v. Pacific Power Co., 107 Cal. 563, 48 Am. St. Rep.
156 (Under landlord's control); Pike v. Britten, 71 Cal. 159,
60 Am. Rep. 527 (Control); Ellis v. Waldron, 19 R. I. 369;
Olson v. Shultz, 67 Minn. 501; Wilber v. Fallausbee, 97 Wis.
581; Donohue v. Kendall, 50 N. Y. Super. Ct. 386 (One
step gone); Meyer v. Miller, 51 N. Y. Super. Ct. 516. (Hole
in mat); Walton v. Kane, 4 Misc. (N. Y.) 296; Feinstein v.
Jacobs, 15 Misc. (N. Y.) 474 (Broken stairstep); Kenny v.
Rhinelander, 28 N. Y. App. Div. 246, s. c., 163 N Y. 576
(Torn stair carpet); Henkel v. Murr, 31 Hun (N. Y.) 28
(Dangerous oil cloth); Bruger v. Buchtenkirch, 29 N. Y.

App. Div. 342; Alperin v. Earle, 55 Hun (N. Y.) 211; Canavan v. Stuyvesant, 7 Misc. (N. Y.) 113; Blake v. Fox, 17 N. Y. Supp. 508 (Hoisting apparatus); Griffen v. Manice, 47 N. Y. App. Div. 70 (Elevator case); Wasson v. Pettit, 49 Hun (N Y.) 166; O'Neill v. Kinken, 8 N. Y. Supp. 554 (Rotten banister); Harkin v. Crumbie, 14 Misc. (N. Y.) 439; Schmidt v. Cook, 12 Misc. (N. Y.) 449; Brady v. Valentine, 3 Misc. (N. Y.) 20 (Breaking of step); McGuire v. Joslyn, 10 N. Y. Supp. 384 (Ragged matting); Mally v. Asso., 13 Misc. (N. Y.) 496; Lichtig v. Poundt, 23 Misc. (N Y.) 632 (Roof of, extension); Dawson v. Sloan, 49 N. Y. Super. Ct. 304, s. c., 100 N. Y. 620 (Elevator case); Rouillon v. Wilson, 29 N. Y. App. 307 (Rotten slats); Nadel v. Fichten, 34 N. Y. App. Div. 188 (Defective stairway); Akern v. Steele, 1 N. Y. Supp. 359; Tullman v. Murphy, 120 N. Y. 352; Tousey v Roberts, 53 N. Y. Super. Ct. 446; Hungerford v. Bent, 55 Hun 3 (Hoisting apparatus); Victory v. Foran, 4 N. Y. Supp. 392; Jennings v. Shack, (N. Y.) 15 N. E. 424; Fitch v. Amour, 14 N. Y. Supp. 319.

*Cook & Gossett* for respondent.

The court did not err in sustaining the demurrer to the evidence or in overruling the motion to set aside the nonsuit.    (1)    The lessee (and his family) takes the leased premises in the condition as they are when rented and the landlord, in the absence of express agreement so to do, is not bound to change construction of or to repair buildings.    And this is the rule whether the tenant rents all of the buildings or only a part and uses parts of the premises in common with other tenants.    This is well-settled law in Missouri and is in accordance with the weight of authority in this country. 2 Wood, Landlord and Tenant (2 Ed.), 870, par. 381; Ward v. Fagin, 101 Mo. 669; reversing same case 28 Mo. App. 116; Gordon v. Pelzer, 56 Mo. App. 602; Eyre v. Jordan, 111

Mo. 424; Purcell v. English, 86 Ind. 34; Cole v. McKey, 66 Wis. 500; Dowling v. Nuebling, 97 Wis. 350; Hanly v. Banks, 6 Oklahoma 79; Krueger v. Ferrant, 29 Minn 385; Towne v. Thompson, 68 N. H. 317; Loupe v. Wood, 51 Cal. 586. Members of his family in this respect have same status and no greater rights than lessee himself. Patterson v. Smart, 70 Mo. 38; Ward v. McAdaras, 28 Mo. App. 332; Doyle v. Railroad, 147 U. S. 413. (2) If a tenant or member of his family is injured while putting a common part of a building to a use other than such part is intended for, the landlord is not liable for such injury, even though he were bound to repair. As a matter of law, even in furnished-room houses, hotels and office buildings where light, heat, elevator and janitor service are to be provided by the landlord, such portions of the building as common stairways and elevators are not built, provided, intended or in fact ordinarily used for holding thereon family luncheon parties. Wholey v. Kane, 44 N. Y. S. 649; 16 App. Div. Rep. 166; Hart v. Cole, 156 Mass 475; McAlpin v. Powell, 70 N. Y. 126; Borney v. Railroad, 126 Mo. 392; White v. Stifel, 126 Mo. 295.

VALLIANT, J.—Action for damages by a member of a tenant's family against a landlord for personal injuries suffered by reason of alleged negligent construction and negligent failure to repair a stairway in the landlord's possession.

The statements in the petition are to the effect that defendant was the owner of certain tenement houses in Kansas City divided off into flats or apartments, which were rented to tenants, each tenant renting and occupying exclusively a flat or suite of rooms, and using in common the back porches or galleries and stairways appurtenant for ingress and egress, the rooms or apartments alone being rented to and in the exclusive use of the respective tenants, while the porches or galleries and stairways were in the possession and control of the landlord, were not exclusively appurtenant to the apart-

ments of any one tenant, but were designed for and used by all the tenants in common for ingress and egress to and from their apartments respectively. That plaintiff's father rented one of these flats or suites of rooms and lived in it with his family of which the plaintiff was a member. Several months after the family had been living there, on a hot evening, June 14, 1896, the plaintiff and her two sisters were sitting on the steps of one of these stairways eating a luncheon, when their mother aiming to come into the house by means of this stairway ascended the steps and there not being room enough for her to pass while the three sisters were sitting as they were, the plaintiff arose to make room for her mother to pass and in doing so leaned against the railing of the stairway which broke loose or gave way and she fell to the ground below, about sixteen feet, and suffered a serious injury. That the accident resulted from the fact that the railing was negligently constructed, in that it was not braced as it should have been and was fastened with nails that were too small for the purpose and which had been exposed to the weather for three or four years and the nail holes had become rotten and the railing was negligently suffered to remain thus out of repair, the defendant knowing or by ordinary care would have known its condition and the plaintiff did not know it. There was an answer of denial and contributory negligence.

Upon the trial the testimony on the part of the plaintiff tended to prove the facts as above mentioned. There was no evidence that the defendant in its contract with plaintiff's father expressly reserved possession and control of the porches and stairways, but the circumstances tend to justify that inference. The express contract was only for a renting by the month of the suite of rooms. The porches and stairways were necessary appurtenances, but as such belonged as well to apartments rented to and occupied by other tenants as to the suite of rooms rented to and occupied by plaintiff's father. In the contract there was nothing said on the subject of re-

pairs or of the condition as to safety of the premises. At the conclusion of the plaintiff's evidence the defendant offered an instruction to the effect that the plaintiff was not entitled to recover which instruction was given, a judgment of nonsuit followed, and the plaintiff appeals.

I.   The question for our determination is whether a landlord is liable in damages to a member of his tenant's family under the circumstances above indicated.   A member of a tenant's family in such case stands in the same relation to the landlord as the tenant himself.   The question may therefore be more briefly stated thus:   Is a landlord liable in damages to his tenant under such circumstances?

A landlord is under no obligation to make repairs on the leased premises during the term unless he has contracted to do so and therefore he is not liable for consequences that may result from a failure to so make repairs.   But a statement of this familiar proposition does not answer the question before us.   These porches and galleries were not a part of the premises rented to the plaintiff's father; he had only a use of them in common with all the other tenants similarly situated.   His right to use them is implied from the situation; he could make no use of the apartments he had rented without them.

Ordinarily when repairs are needed on a house in the possession of a lessee he may make them, but no one else can enter the house to make repairs without his permission, not even the landlord.   [18 Am. and Eng. Ency. Law (2 Ed.), 225.]

Right and duty go together in such case, except where the right rests on permission or concession.   If one has the right by virtue of his own estate in the premises to make repairs and safety requires them, it is his duty to do so; if he has no such right, he has no such duty.   Who had the right to repair those stairways?   If either one of the tenants who were using them in common had such right then any one of

them had.   If either had such right by virtue of his estate in the premises, then it was his duty to have made the repairs and failing to do so he would be liable to the plaintiff for her injuries.

There can be no doubt that the landlord had the right to enter upon those porches and galleries and stairways and make needed repairs and no one tenant nor all of them could forbid him.   Yet it was not stipulated in his contract that he might do so.   He had a right to so enter by virtue of his estate.   And it is equally clear that no one else had such a right and if any one had attempted to make repairs the landlord could have forbidden him to do so.

To the general proposition stated above that a landlord is not bound to make repairs unless he binds himself by contract to do so it may be added that he is not bound to make repairs on the leased premises where the lease covers only a part of the building.   This was said in the opinion in Ward v. Fagin, 101 Mo. 669, and it is the generally accepted doctrine.   [18 Am. and Eng. Ency. Law (2 Ed.), 220.]   But this addition to the proposition above stated does not answer the question in this case.   The plaintiff does not complain of the failure of the landlord to repair that part of the premises which he had leased to her father, but the complaint is of negligent construction and failure to repair the part of the building in the possession and under the control of the landlord which it was necessary for her father's family to use, in common with all the other tenants, to render the premises her father did lease available for the purposes for which the lease was made.

The law on this subject has been discussed in nearly all the courts of England and America, as is shown by the great array of authorities which the learning and research of counsel have enabled them to present in their briefs.   Whilst the decisions are not uniform, yet we are satisfied that the summary made by the law-writer in 18 Am. and Eng. Ency. Law

(2 Ed.), 220, is correct as to the weight of the authorities and right in principle. We quote what the learned author says: "The rule laid down by the weight of authority is that when the landlord leases separate portions of the same building to different tenants and reserves under his control those parts of the building or premises used in common by all the tenants, he is under an implied obligation to use reasonable diligence to keep in a safe condition the parts over which he so reserves control."

Then after citing in a note a long list of cases decided supporting that doctrine the author proceeds: "Thus it is held by the weight of authority that an implied duty is imposed upon the landlord to keep in repair common passageways and approaches retained under his control and used by the several tenants as the means of access to the portion of the premises demised to them, and that the landlord is liable for injuries received by a tenant because of the landlord's negligence in performing this duty. But there are a few cases holding the contrary rule. The character of the liability has been said to be the same as that of any owner of real estate who holds out invitations or inducements to others to use his property, to exercise reasonable care and skill to render the premises reasonably fit for use for the uses which he has invited or induced others to make of them." In the notes to this text are given references to many decisions, English and American, in which the subject is discussed and which we think clearly support the conclusion of the text-writers upon them. This subject is also ably discussed in a note to Dollard v. Roberts, 14 L. R. A. 238, and the same conclusion is reached as that above quoted.

The authorities cited by those two law-writers will afford the inquirer on this subject all the information he will desire.

An attempt is made in some of the cases to draw a distinction between tenement or apartment buildings having

common hallways, stairways, etc., in which the landlord employs janitors to attend to them and buildings of the same kind where no janitors are employed, and also between such buildings in which there are elevators operated by the landlord and those in which there are none. [2 Wood on L. and T. En. (2 Ed.), p. 870.] But we are unable to appreciate any such distinction on principle. As a matter of evidence, it is easier to prove that the landlord has retained control of the common passages when he has janitors and elevator operators in his employ, but their absence would not affect the principle if the fact of the landlord's control can be established by other evidence or be reasonably inferred from all the circumstances. In determining the question as to his control, we start out with the proposition that the landlord's estate in the land makes him the controller of the premises until he parts with that right. The evidence in this case tended to show that the landlord had exclusive control, for the purposes of construction and repairs, of the porches, galleries and stairways in question and that being so the law attaches to him liability for a failure to perform his duty in those respects and the court should not have sustained the demurrer to the evidence on the ground that he was not liable under such circumstances.

II.   It is said, however, that the plaintiff and her sisters were not using the stairway for ingress and egress when the accident occurred, and that the landlord, if liable at all, is only so when the stairway fails to serve that purpose. Whether the use then being made of the stairway was such as the landlord, when he rented the rooms to plaintiff's father, and when he thereby impliedly invited them to make use of it, had a right to anticipate would naturally be made of it, is a question that appeals for its answer to the common sense of the triers of the fact in the light of the evidence, and of the ordinary experience of mankind. There was sufficient in this case to have left that question to the jury.

III.   After the plaintiff had rested and the demurrer to the evidence was under advisement with the court, the plaintiff offered other evidence which, on objection, the court excluded, and then sustained the demurrer.   Much of the evidence offered was only cumulative of what had already been introduced and as the court by its ruling showed that it did not consider the landlord liable under the conditions shown, it doubtless excluded it for that reason.     Some of the evidence so rejected was not exactly cumulative, and objection to it may rest on different grounds, but the case will now be retried by the court from a different legal standpoint, and the questions as to the admissibility of this evidence will be viewed in a different light and original judgment of the trial court should be exercised in regard to it before it is a proper subject for review on appeal.

The court erred in sustaining the demurrer to the evidence, and, therefore, the judgment is reversed and the cause remanded to be retried according to the law as herein expressed.

All concur.