MARY ROBERTS, Appellant, v. LEWIS F. COTTEY et al., Respondents.

Kansas City Court of Appeals, May 25, 1903.

Landlord and Tenant: LIABILITY FOR REPAIRS: PERSONAL IN-JURY: CONTRACT. In the absence of a covenant, the landlord is under no obligation to repair the demised premises and is not liable in damages to the tenant for injuries resulting to him from failure to make repairs; and on the evidence the landlord had made no contract to repair.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

AFFIRMED.

*Kagy & Horn* for appellant.

(1)  Upon the face of the whole record plaintiff was entitled to the verdict of the jury. The evidence establishes beyond controversy that plaintiff became the tenant of the defendant under a verbal lease in which she agreed to pay a reserved rental of $25 per month, dating from August 1, 1899, and that in consideration of such lease and occupancy defendants agreed to repair the premises and put them in a tenantable condition. The evidence discloses that the premises were in a dangerous condition; that defendants failed to repair them as they had agreed to, and in consequence of such failure plaintiff fell through the floor and sustained a severe injury. This evidence was sufficient to take the case to the jury and the court properly sent it to the jury, which found for plaintiff, and the court subsequently committed error in sustaining defendant's motion for new trial and in arrest. The court below certainly did not sustain the motion for want of evidence of liability, for a clear case was made.

*Hatch & Middlebrook,* with *L. F. Cottey* for respondents.

(1) The tenancy of plaintiff was from month to month. There was no surrender of the premises. The rent had been paid to August 1, 1899. Plaintiff was bound for the August rent in any event. Nothing but a written notice could have terminated such tenancy, and it is admitted that was not given. The verbal agreement, claimed by plaintiff to have been made August 15, 1899, did not and could not change the character of her tenancy. Furthermore, such agreement, if true, was within a statute of frauds, and was void. It was also void for want of consideration, because she continued in possession and continued to pay. the same rent after such agreement as before. R. S. 1899, secs. 3414 and 4110; Smith v. Smith Bros., 62 Mo. App. 596; Buck v. Lewis, 46 Mo. App. 227; Iron Works v. Kinealy, 86 Mo. App. 199; Berner v. Gebhart, 87 Mo. App. 409; Withnell v. Petzold, 104 Mo. 409; Combs v. Trans. Co., 58 Mo. App. 112. (2) The petition wholly fails to state any cause of action against the defendants, in this: It is not averred in said petition that the defendants expressly covenanted to keep said premises in repair. Such an averment is absolutely necessary. Aside from an express covenant to that effect, a landlord is not bound to keep the leased premises in repair. Vai v. Weld, 17 Mo. 232; Morse v. Maddox, 17 Mo. 569-574; Burnes v. Fuchs, 28 Mo. App. 279; Ward v. Fagin, 101 Mo. 669; Gordon v. Peltzer, 56 Mo. App. loc. cit., 602; O'Brien v. Capwell, 59 Barb. 497.

SMITH, P. J.—This is an action to recover damages for personal injuries.

The petition alleged that the defendants were the owners of a certain three story brick building in Kansas City which had wooden porches along the rear end of the second and third stories thereof; that plaintiff was the occupying tenant of said second and third stories; that the said second story porch and the timber therein had become rotten, dilapidated, dangerous, unsafe, and out

of repair; that prior to August 1, 1899, defendants gave to plaintiff notice that her tenancy would be terminated on the said August 1, 1899, and that plaintiff had accepted said notice and agreed to vacate on that day; that on August 15, 1899, plaintiff and defendants made a contract whereby plaintiff was to pay defendants $— per month rent and in consideration of said rent and contract, defendants agreed that they would repair said porch immediately thereafter; that defendants failed to perform said contract by refusing to make said repairs, and that on August 28, 1899, the plaintiff while a tenant lawfully using said porch, the floor and joists upon which the same rested gave way, whereby plaintiff was suddenly precipitated through said floor and injured, etc.

There was a trial at which it was disclosed by the evidence adduced by the plaintiff that she had been an occupying tenant of the second and third stories of the building for ten or eleven years; that the floors of the porches she considered perfectly safe, but the "banisters"—balustrade—were falling down and it was dangerous for her children; that on August 1, 1899, she paid defendant McGonigle the July rent, and then informed him that she intended to move out, but would pay him for each day of the month—August—that she remained; that she paid the rent monthly in advance; that on the 15th day of said month she made a parol contract with him whereby it was agreed that if she would continue her tenancy at $25 per month, he would fix the porch and do some cleaning; that the fixing—repairs—to which she directed his attention was the balustrade on the porches.

It is clear that it was not contemplated by either of the parties to said contract that the floors and joists thereunder were to be included in the repairs therein provided for, because the plaintiff, who was entirely familiar with them, thought them to be perfectly safe. It thus appears that the defendants, or either of them,

did not by said contract agree or bind themselves, or himself, to repair the floors or joists of the porches. The repairs were limited to the balustrade. The part of the porch that gave way and caused the plaintiff's injury, the defendants or defendant had not by their, or his, contract agreed to repair, and as the law imposed upon them no such duty or obligation, they were not liable for the injury. The law is well settled in this jurisdiction to the effect that in the absence of a covenant the landlord is under no obligation to repair the premises during the course of the tenancy, nor is he liable in damages to his tenant for injuries resulting to him—the tenant—from the failure to repair the leased premises. In the absence of contractual obligations the landlord as to his tenant is only liable for acts of misfeasance and not of non-feasance. Val v. Weld, 17 Mo. 232; Morse v. Maddox, 17 Mo. 569; Burnes v. Fuchs, 28 Mo. App. 279; Ward v. Fagin, 101 Mo. 669; Gordon v. Peltzer, 56 Mo. App. 1. c. 602; O'Brien v. Capwell, 59 Barb. 497.

In no view of the evidence which we have been able to take do we discover any liability by the defendants, or either of them, to the plaintiff for the injury, and accordingly we conclude that the trial court erred in overruling the defendant's demurrer to it—the evidence.

It becomes in this view of the case unnecessary to consider the various other questions so ably discussed in the briefs of counsel. The order of the circuit court setting aside the verdict which was for plaintiff must be affirmed. All concur.