NETTIE LANG, Respondent, v. JOHN B. HILL and
HENRY E. HILL, Appellants.

Kansas City Court of Appeals, June 12, 1911.

1. **LANDLORD AND TENANT: Duty of Landlord: Stairways.**
This is an action by a tenant against her landlord to recover
damages for personal injuries alleged to have been caused by
the negligence of the landlord in failing to maintain a stairway
on the premises in a reasonably safe condition for the use of
their tenants. The defendants claimed that even if the defend-
ants reserved control of the stairway, they were not liable,
because the condition of the steps at the time of the accident
was substantially the same as when plaintiff moved into the
house, and was obviously dangerous. *Held*, that with respect
to those portions of the building and improvements the control
of which is reserved by the landlord, he owes his tenants the
duty of exercising reasonable care to maintain them in a
reasonably safe condition.

2. ————: **Contributory Negligence: Stairways.** Though the
tenant knew the steps of the stairway, upon which on the occa-
sion of her injury she was ascending in the observance of
ordinary care, were weakened by decay, and were in need of
repair, she was not precluded in law from using them, and
hence not guilty of contributory negligence, unless they were so
glaringly and imminently dangerous as to threaten her with
immediate injury.

Appeal from Jackson Circuit Court.—*Hon. Thomas J.
Seehorn*, Judge.

AFFIRMED.

*Gage, Ladd & Small* for appellants.

(1) The plaintiff was guilty of contributory neg-
ligence and the demurrer to the evidence should have
been sustained. Herdt v. Koenig, 137 Mo. App. 589;
Vorrath v. Burke, 63 N. J. Law, 188; Shackford v.
Coffin, 95 Me. 69; Mitchell v. Stewart, 187 Pa. St. 217.
(2) Even if the defendants reserved control of the
stairway, they are not liable in this action, because

the condition of the steps at the time of the accident was substantially the same as when the plaintiff moved into the house, and was obviously dangerous. Quinn v. Perham, 151 Mass. 162; Moynihan v. Allyn, 162 Mass. 270; Shute v. Bills, 191 Mass. 433. (3) The damages assessed by the jury are excessive.

*Horace L. Kimbrell* and *Wofford & Kimbrell* for respondent.

(1) Respondent insists that, appellant's record being fatally defective for the reason that the record proper does not contain either the affidavit for appeal or the substance of the affidavit for appeal, the motion to dismiss the appeal, heretofore filed herein by respondent should be sustained and the appeal dismissed. Mansour v. Caulfield, 129 S. W. 468; Shemwell v. McKinney, 214 Mo. 692. (2) Respondent, by filing a brief on the merits along with a brief on the motion to dismiss the appeal, which had theretofore been filed, does not waive the right to insist on the motion to dismiss being sustained. Kenner v. Lead Co., 141 Mo. 248. (3) The plaintiff was not guilty of contributory negligence and the demurrer to the evidence should not have been sustained. Under the evidence, the question of plaintiff's negligence was a question of fact for the jury. Graff v. Brewing Co., 130 Mo. App. 618; Jewell v. Bolt and Nut Co., 132 S. W. 703; George v. Railroad, 225 Mo. 364; Campbell v. Railroad, 175 Mo. 161; Tewksbury v. Street Railway Co., 134 S. W. 682. (4) Appellants insist that even if the defendants reserved control of the stairway, they are not liable in this action, because the condition of the steps at the time of the accident was substantially the same as when the plaintiff moved into the house. This is not the law of Missouri. McGinley v. Trust Co., 168 Mo. 257; Marcheck v. Klute, 133 Mo. App. 280. The damages assessed by the jury are not excessive. The evidence would have warranted a much larger verdict.

JOHNSON, J.—This is an action by a tenant against her landlords to recover damages for personal injuries alleged to have been caused by negligence of the landlords in failing to maintain a stairway on the premises in a reasonably safe condition for the use of their tenants. The answer is a general traverse. A trial to a jury resulted in a verdict and judgment for plaintiff in the sum of $1000, and the cause is here on the appeal of defendants. The injury occurred June 3, 1909.

Plaintiff is a married woman and, together with her family which consisted of her husband, herself and one child, was living as a tenant from month to month in a house owned by defendants in Kansas City. The family occupied apartments on the first floor and another family, tenants of defendants, lived on the second floor. There was a stairway connecting the second floor with a porch and another stairway containing five or six steps connecting this porch with the back yard. The back yard and outbuildings were used jointly by the two families and the stairway from the porch to the yard was for their common use. The house was old and the stairway just mentioned was in bad repair at the time the tenancy began and was not repaired until after plaintiff was injured. The attention of defendants' agent had been called to its condition and he had promised to repair the stairway but neglected to do so. The wooden steps and stringers had decayed and the stairway had the appearance of being unsafe but the two families had used it daily for six months without an accident and plaintiff states she thought she could use it without risk of immediate injury. On the occasion of her injury she was going up the stairway in the usual way and in the observance of ordinary care when the second step from the top broke under her weight. Her right foot and leg went down through the step and she received the injuries of which she complains.

Three propositions are urged on our consideration by counsel for defendants, viz., (1) that plaintiff was guilty in law of contributory negligence. (2) That "even if the defendants reserved control of the stairway, they are not liable in this action, because the condition of the steps at the time of the accident was substantially the same as when the plaintiff moved into the house, and was obviously dangerous." And (3) that the damages assessed by the jury are excessive.

In support of the second proposition counsel rely on the rule followed in some jurisdictions, notably in Massachusetts, that the duty of the landlord in respect to the maintenance of a common passageway in premises occupied by several tenants is that of due care to keep it in such condition as it was in, or purported to be in at the time of the letting. [Quinn v. Perham, 151 Mass. 162; 23 N. E. 735; Moynihan v. Allyn, 162 Mass. 270; 38 N. E. 497; Shute v. Bills, 191 Mass. 433; 78 N. E. 96.]

But that rule does not obtain in this state and is unsuited to the needs of modern conditions. In these days of mammoth office buildings and large apartment houses, the Massachusetts rule is an anachronism. The better rule prevails in this state that, with respect to those portions of the building and improvements the control of which is reserved by the landlord, he owes his tenants the duty of exercising reasonable care to maintain them in a reasonably safe condition for the uses of the tenants. [McGinley v. Alliance Trust Co., 168 Mo. 257; Marcheck v. Klute, 133 Mo. App. 280; Andrus v. Bradley-Alderson Co., 117 Mo. 322; Collins v. Tootle Estate, decided by this court at this term]. The evidence of plaintiff accuses defendants of a negligent breach of this duty and points to such negligence as the proximate cause of the injury.

We do not agree with the view of defendants that plaintiff was guilty in law of contributory negligence,

and hold the characterization of her conduct was an issue of fact for the jury to solve. Though she knew the steps were weakened by decay and were in need of repair, she was not precluded in law from using them unless they were so glaringly and imminently dangerous as to threaten her with immediate injury. If an ordinarily careful and prudent person in her situation would have concluded that in the exercise of due care she could ascend the steps in safety, she had a right to rely on the implied assurance of the landlords that they were reasonably safe for that particular use.

We confess that if we were sitting as triers of fact we would find the evidence of plaintiff magnifies her injuries and that the verdict is excessive. But we must admit her evidence is substantial and, if believed, and the jury had the right to believe it, fully sustains the verdict. It shows that in addition to some sprains and bruises she suffered a displacement of the uterus and a consequent nervous disorder of a most serious nature. We feel that we could not reduce the judgment without invading the province of the jury.

The judgment is affirmed. All concur.