ANNA GRAY, Appellant, v. LOUIS PEARLINE and SARAH PEARLINE.—43 S. W. (2d) 802.

Division One, November 20, 1931.

*Sievers & Hartmann* and *Allen, Moser & Marsalek* for appellant.

*Holland, Lashly & Donnell* and *George F. Wise* for respondents.

FERGUSON, C.—This is an action by a tenant to recover damages for personal injuries alleged to have been sustained by falling from the second floor porch of a tenement house owned by the defendants when an alleged defective "railing of said porch" broke or gave way. At the close of plaintiff's case the defendants requested and the court gave a peremptory instruction to the jury to find for the defendants, whereupon plaintiff took an involuntary nonsuit. The court overruled plaintiff's motion to set aside the involuntary nonsuit, and plaintiff appealed.

It appears that respondents owned a four-family, two-story, brick tenement building fronting on the north side of Dickson Street in the City of St. Louis. They acquired the property in November, 1925. There are two apartments on each floor rented to four tenants; each occupied a separate apartment. None of the tenants held under a written lease, all being tenants from month to month and *there was no agreement as to repairs*. Appellant as a tenant from month to month occupied the second floor east apartment. At the rear of the building, being the north end thereof, is a porch for the use of the second floor tenants. The floor or platform of this porch is on a level with the second floor apartments and extends from east to west across the entire width of the building. The porch is enclosed on all sides, except the side next to the building, with a railing or banister. On a line exactly dividing the porch is a banister extending from north to south, connecting the north wall of the building at one end and the center supporting column of the porch at the other. The porch is thus partitioned into two distinct and well defined sections of equal size, each enclosed on all sides by banisters except the side formed by the wall of the building. All the banisters are three feet in height, extend to within a few inches of the porch floor, and consist of top and bottom horizontal rails with vertical pickets or slats between. The east section of the porch is connected with and appurtenant to the east second floor apartment rented and occupied by appellant, and a window and door in that apartment open upon that section of the porch. The same arrangement exists as to the west second-floor apartment and the west section of the porch appurtenant thereto. A separate stairway extends from each section of the porch to the ground, and except for the opening required for an entrance to the stairway each section of the porch is completely enclosed by a banister on all sides

except the side formed by the north wall of the building. The yard to the north of the building is divided by a high board fence, running north and south, which separates the yard accessible to and for the use of the tenants of the first and second floor apartments on the east from the yard available to and for the use of the tenants in the first and second floor apartments on the west. The stairway to the east section of the porch and appellant's apartment leads to the east yard, and the stairway from the west section of the porch and the west second floor apartment leads to the west yard. The stairway to appellant's apartment is not connected with or a part of any other stairway and no other apartment or part of the building is served by it. The same situation and arrangement exists as to the west second floor apartment, porch and stairway leading thereto. The south side of the porch is attached to the north wall of the building, while the north side of the porch is supported by three wooden columns, one being at the northeast corner, one at the center of the north side of the porch and one at the northwest corner. The column at the northeast corner also supports the east stairway leading to appellant's apartment, and the column at the northwest corner supports the stairway leading to the west second floor apartment.

There is a door and window at the north end of the building in each of the two first floor apartments, and each of these doors opens upon a small individual porch of the same width as the steps, six or eight in number, leading therefrom to the ground. Between these two small first floor apartment porches and the steps leading to each is a high partition of banister construction completely separating the first floor apartments and the entrances thereto. This banister runs from the wall of the building to and connects with the south side of the center supporting column of the upstairs porch. The fence, which we have described, separating the yards, is attached to the north side of the same column and runs thence north. The two first floor apartments, the porches appurtenant thereto and the steps leading to each are independent units and in no way dependent upon each other for means of access or in the use of the separate apartments or with the upstairs porch or apartments and the two stairways leading to same.

The two second floor apartments are separate, independent and complete apartment units. The east half of the porch and the east stairway is, as we have noted, separated by a banister from the west apartment porch and stairway. The appellant had the exclusive use of the east porch and the stairway appurtenant to her apartment, and neither that part of the porch nor the stairway was used by other tenants for any purpose, nor was either a part of a common passageway, entrance, hall or areaway necessary or convenient to the use and enjoyment of other apartments in the building. The

evidence shows that appellant used the porch in connection with her use and occupancy of the apartment, exercising the same control thereover which she exercised over the other parts of the apartment.

Appellant was a tenant under a verbal lease, renting from month to month, at the time respondents purchased the property and *there was no agreement whatsoever as to repairs.* Appellant was not personally acquainted with respondents and all her dealings with reference to the rental of the apartment and the payment of rent were had with real estate agents who managed the property for the owners and appellant testified that she had no conversation or agreement with the agents in regard to the tenancy after respondents acquired the property. The evidence was that no repairs were made by respondents prior to appellant's injury, and appellant testified that no repairs were made on the porch, that she knew of, during her tenancy.

On January 6, 1926, appellant fell from the porch appurtenant to her apartment. She testified that she was in the act of throwing a small pillow to a neighbor on the second floor porch of a tenement house on the east and across a passageway about fifteen feet in width, between the buildings; that she went to the east side of her porch, placed her left hand on the top rail of the banister along that side of the porch and threw the pillow with her right hand; that the banister broke and she fell to the ground and was injured. The testimony shows that the top rail of the banister broke or gave way and fell into the passageway. The witnesses who examined the rail state that the "ends of the rail looked like the nails had pulled through, that rusty nails had pulled through the wood, it didn't look sound" and "the ends (of the rail) were all split like they were worm-eaten or rotten, and the nails were broken, they were rusty nails." Within a few days after appellant's injury the respondents had the banister which gave way repaired by placing a new top rail thereon and also repaired other banisters both on appellant's porch and on the west porch by putting in new pickets.

The legal principles controlling this case are clear. In the absence of an agreement by the landlord to put and keep the premises in repair no duty is imposed upon him, or implied, to make ordinary repairs to demised premises and he is not liable in damages for failure to make such repairs or for personal injuries sustained on the premises, by reason of the defective condition thereof, by the tenant, members of his family, employees, guests or invitees. [36 C. J. 125; 36 C. J. 204; 16 R. C. L. 1030, 1031; Vai v. Weld, 17 Mo. 232; Ward v. Fagin, 101 Mo. 669, 14 S. W. 738; Glenn v. Hill, 210 Mo. 291, 109 S. W. 27; Kohnle v. Paxton, 268 Mo. 463, 188 S. W. 155; Corey v. Losse (Mo. Sup.), 297 S. W. 32; Roberts v. Cottey, 100 Mo. App.

1198

500, 74 S. W. 886; Dailey v. Vogl, 187 Mo. App. 261, 173 S. W. 707; Mathews v. Galbraithe (Mo. App.), 238 S. W. 554.]

However where premises are let to several tenants, each occupying different portions but all, or two or more, enjoy and use certain portions *in common*, such as entrances, halls, stairways, passageways or porches, the landlord is held to have reserved such facilities for the common use of the tenants and to be in control thereof with the implied duty of maintenance and repair as to such portions of the premises and to use ordinary care to keep them in a reasonably safe condition, and for failure to perform that duty the landlord is liable for injuries sustained by persons rightfully using such places. [36 C. J. 128-129, 212-213; 16 R. C. L. 1037, 1072; Roman v. King, 289 Mo. 641, 233 S. W. 161; Bender v. Weber, 250 Mo. 551, 157 S. W. 570; McGinley v. Alliance Trust Co., 168 Mo. 257, 66 S. W. 153; Dalton v. Maguire Real Estate Co. (Mo. App.), 221 S. W. 443; Dierkes v. Dry Goods Co., 210 Mo. App. 142, 243 S. W. 269; Miller v. Geeser, 193 Mo. App. 1, 180 S. W. 3; Karp v. Barton, 164 Mo. App. 389, 144 S. W. 1111; Lang v. Hill, 157 Mo. App. 685, 138 S. W. 698; Herdt v. Koenig, 137 Mo. App. 589, 119 S. W. 56; Marcheck v. Klute, 133 Mo. App. 280, 113 S. W. 654.]

As to the part of a tenement house not so retained and reserved by the landlord for the common use of two or more tenants, but which is demised to a particular tenant, and is in that tenant's exclusive possession or control, the general rule applies, and the landlord is not liable for injuries resulting from a defective condition in that part of the premises.

It is plain that the east section of the porch in question, connected with appellant's apartment and appurtenant thereto, was designed and constructed for the sole and exclusive use of the tenant of that apartment and is to all intents and purposes a part of the apartment which appellant rented from respondents. It is enclosed by banisters, separated by a banister from the west section of the porch and the west second floor apartment and is reached from the outside by a private stairway which is not connected with any other apartment and does not afford access to any other apartment, porch or part of the building. There is no access to this section of the porch from any other apartment or part of the building. It is accessible to appellant's apartment alone. Neither this section of the porch nor the stairway leading thereto is so arranged as to be available, convenient or necessary to the use of any other tenant as a means of access to or in the enjoyment and occupancy of his apartment. It was not used by appellant in common with any other tenant nor used by any other tenant for any purpose whatsoever but was used by appellant alone, in connection with her apartment, for her own private purposes. We think the evidence conclusively shows that

this section of the porch constituted a part of the very premises demised to the appellant and that she was in actual and exclusive possession and control thereof.  Respondents would not therefore be liable for appellant's injuries caused by the breaking or giving away of the defective banister on the premises demised to appellant and which were in her exclusive possession and control.

Appellant urges that the fact that immediately after appellant's injury respondents caused the defective banister and other portions of the porch to be repaired tends to show that appellants retained possession and control of the entire porch structure and was evidence of a sufficiently substantial nature to require the question of whether the landlord or the tenant had control over the section of the porch in which the defective railing was located, be submitted to the jury.  In a case such as we have here, there being no express reservation by the landlord, the test applied by the authorities seems to be whether the part of the premises in question was used in common by two or more tenants, or subject to a joint or common user, from which the law will imply a reservation of control thereover by the landlord but if such part of the premises is used exclusively by one tenant in connection with and as a part of the premises demised to such tenant then the landlord is held to have surrendered the dominion and control thereover to the tenant.  Certainly had appellant offered any other evidence of a substantial nature tending to show a common user of that portion of the premises in which the defective banister was located the evidence as to subsequent repairs by the landlord in connection therewith would make a case for the jury.  But the fact alone that respondents made the subsequent repairs is not sufficient to make a prima-facie case for appellant in the face of the evidence offered by appellant conclusively showing that the premises in which the defective condition existed were neither designed nor arranged for use, or used, jointly or in common but were, as we have pointed out, wholly and exclusively in the possession and control of appellant.

The trial court correctly ruled the demurrer to the evidence and its judgment should be affirmed.  It is so ordered.  *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court.  All of the judges concur.