Tamara THOMAS, by Jean Shaw, Next
Friend, Plaintiff-Appellant,

v.

Esdress BARNES, Defendant,

and

Mattie Curtis, Defendant-Respondent.

No. 43799.

Missouri Court of Appeals,
Eastern District,
Division One.

May 11, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

Application to Transfer Denied
July 12, 1982.

Blair Drazic, St. Louis, for plaintiff-appellant.

Thomas DeVoto, St. Louis, for defendant-respondent.

CRANDALL, Judge.

This case presents the question of whether the BOCA Basic Building Code Sections 104.1–.2 (1975),[1] (hereinafter referred to as "the Code") adopted by the City of St. Louis, imposes civil liability upon a lessor for injuries to a third party resulting from a violation of the Code. The trial court granted respondent Mattie Curtis judgment N.O.V. and conditionally granted her a new trial. Appellant, plaintiff below, appeals. We affirm.

Appellant was eight years old on September 12, 1976, when a fluorescent light tube fell from a fixture in Terry's Market located at 5100 Ridge in the City of St. Louis and struck her in the face. Appellant, a business invitee, was at the market to purchase milk for her younger brother. When the light tube fell, it cut appellant's face, leaving a wound that required twelve stitches and resulted in a permanent scar.

After she was struck, appellant noticed that a light tube was missing "out of one of the sockets." Appellant's brother and sister

1. The City of St. Louis adopted the Code by incorporating it by reference into Ordinance # 57023, which was approved June 25, 1975. Sections 104.1 and 104.2 of the Code provide:

*104.1 General*: All buildings and structures and all parts thereof, both existing and new, shall be maintained in a safe and sanitary condition. All service equipment, means of egress, devices and safeguards which are required by this code in a building or structure, or which were required by a previous statute in a building or structure, when erected, altered or repaired, shall be maintained in good working order.

*104.2 Owner responsibility*: The owner or his designated agent shall be responsible for the safe and sanitary maintenance of the building or structure and its exitway facilities at all times.

testified that they saw the light tube fall and strike appellant. Esdress Barnes, respondent's lessee and the owner of Terry's Market,[2] testified that the light tube was held in place by a U-shaped bracket on one end but that on the other end the light tube was "held by a bailing wire, piece of wire was tied from one end to the other end of the fixture that was holding the light upwards." Barnes testified that he did not place the wire around the light fixture and had no knowledge of its existence prior to the incident.

Respondent owned the building in which Terry's Market was located. Barnes' lease from respondent provided that Barnes was to bear the cost of repairs and maintenance of the fixtures.

At common law the owner of leased property could not be held liable for injuries sustained on the leased premises, absent certain exceptions not applicable to this case. The lease constituted the equivalent of a sale for the term of the lease. *Warner v. Fry*, 360 Mo. 496, 228 S.W.2d 729, 730 (1950). Therefore,

> [i]n the absence of an agreement by the landlord to put and keep the premises in repair, no duty is imposed upon him, or implied, to make ordinary repairs to demised premises, and he is not liable in damages for failure to make such repairs or for personal injuries sustained on the premises, by reason of the defective condition thereof, by the tenant, members of his family, employees, guests, or invitees.

*Gray v. Pearline*, 328 Mo. 1192, 43 S.W.2d 802, 804 (1931). Liability devolved on the lessee rather than on the owner.

Appellant acknowledges that under the common law she would have no cause of action against respondent. She argues, however, that the Code creates liability by imposing a duty upon respondent, the breach of which constitutes negligence per se. We are bound by the Missouri Supreme Court's decision in *Corey v. Losse*, 297 S.W. 32 (Mo.1927). Under the rule of that case, appellant has no cause of action against respondent.

The plaintiff in *Corey* was a two year old boy whose mother leased rooms on the second floor of a tenement house that defendant owned. He suffered a fractured skull and other injuries when he fell through a broken banister surrounding a porch outside the leased rooms and struck the brick pavement below. Defendant had refused to repair the banister despite repeated requests. Plaintiff sued, basing his claim upon an ordinance of the City of St. Louis that provided that " '[i]t shall be the duty of every owner, trustee or lessee of every tenement house to provide for and maintain the same in all parts in good repair.' " *Id.* 297 S.W. at 32.

The supreme court upheld the trial court's dismissal of the action at the close of the case. The lease did not provide that defendant would make repairs, and the court held that, absent such a contractual provision, "that duty cannot be imposed upon him by an ordinance of the city. The city of St. Louis may adopt ordinances, but they must be in harmony with, and subject to, the Constitution and laws of the state." *Id.* The court added that

> "the ordinance of the city of St. Louis, which charges the owners of dangerous buildings with the obligation to repair, can have no influence in the decision of this question. As between the owner and the city, the obligation under such a police regulation may well rest upon the owner; and yet, as between the owner and his tenant, the rule of the common law will prevail, which casts the obligation upon the tenant."

*Id.* 297 S.W. at 33, (quoting *Burnes v. Fuchs*, 28 Mo.App. 279, 282 (1887).

Appellant attempts to distinguish *Corey* on the ground that it "is limited to the relationship between the owner of a building and his own tenant and has no application to the relationship between the owner of the building and his tenant's business invitees." The plaintiff in *Corey* was not the lessee but, rather, the lessee's son. The court noted that the porch from which the

2. Barnes did not appeal from the judgment below.

plaintiff fell "was in the exclusive possession and control of plaintiff's mother." *Id.* 297 S.W. at 32. In *Corey*, therefore, as in the case at bar, the plaintiff was a third party outside the relationship between the lessor and the lessee. Furthermore, even if the plaintiff in *Corey* was considered to be the lessee, a landlord who has no liability to his tenant has no liability to a third party who is even further removed from the relationship.

Appellant also relies upon *Derboven v. Stockton*, 490 S.W.2d 301 (Mo.App.1972), which imposed liability upon the defendant lessors for the wrongful death of plaintiff's decedent, who died in a tavern fire when she could not escape through a door in the back of the establishment. State statute mandated that doors in buildings or places of public resort be hung so as to open outwardly. In addition, an ordinance of the City of Moberly, incorporating the BOCA Abridged Building Code, provided essentially the same thing and also made the "owner or lessee of every existing building and structure ... responsible for the safety of all persons in or occupying such premises with respect to the maintenance and adequacy of means of egress therefrom." *Id.* at 306. The issue of liability in that case was submitted to the jury alternatively on the basis of the statute and the ordinance. The only question presented to the court on appeal, however, was whether the *statute* imposed liability on the lessor contrary to common law. The court did not address whether liability existed under the ordinance.

*Derboven* held that the statute imposed liability on the lessors for failure properly to maintain the premises. The court rejected defendants' argument that at common law the lease would have absolved them from liability. The court stated that the "real issue presented [was] whether the basic *statute* presents only a legislatively defined standard of care which, if violated, is evidence of negligence or whether it contains a legislative admonition binding on [defendants] as 'owners' to comply or be found negligent as a matter of law." *Id.* at 314 (emphasis added). *Derboven* recog-

nized that the legislature has the authority to enact statutes that override the common law of the state, but did not address the issue of whether a city has the power to do so by ordinance.

We hold that Code Sections 104.1–.2 do not impose civil liability upon respondent. We need not consider, therefore, whether the trial court properly granted a new trial alternatively to its order rendering judgment notwithstanding the verdict. The judgment of the trial court is affirmed.

STEWART, P.J., and STEPHAN, J., concur.