(39 App. Div. 567.)

## WEISS v. JENKINS.

· (Supreme Court, Appellate Division, First Department. April 21, 1899.)

1. NEGLIGENCE—UNGUARDED ELEVATORS.
     An owner of a building, who fails to comply with Laws 1894, c. 481, § 21, providing that openings for elevators, not otherwise closed, shall be protected with substantial guards, is negligent.

2. SAME—QUESTION FOR JURY.
     In moving freight, intestate had to go over an elevator which stood at the floor level. It was temporarily moved, and while waiting for it he leaned on a guard, which gave away because of the insecurity of the post which held it, precipitating him into the well. The guard and post were apparently sufficient for the purpose for which they were intended, and intestate had no knowledge of the insecurity of the post. *Held,* that whether or not he was negligent was for the jury.

     O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by Elizabeth Weiss, as administratrix of the estate of Frederick Weiss, deceased, against Edward T. Jenkins. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

David M. Neuberger, for appellant.
Ira Leo Bamberger, for respondent.

, RUMSEY, J. The action was brought to recover damages for the negligence of the defendant, which resulted in the fall of the plaintiff's intestate through an elevator shaft, which caused his death. The complaint was dismissed at the close of the plaintiff's case, and therefore, upon this review, the plaintiff is entitled to every inference in her favor which the jury might have drawn from the evidence; and unless it is certain, from a consideration of the evidence, that under no circumstances would the jury be authorized to find a verdict in her favor, the case should have been submitted to the jury, and this judgment must be reversed.

The defendant was the owner and manager of a storage warehouse in the city of Brooklyn. About 8 o'clock in the morning of the 27th of September, 1897, the plaintiff's intestate, with other people, went to the warehouse to get some property there stored, which Weiss had just bought. , A portion of the property con- ·

sisted of heavy articles, which were not easy to move. The goods were so stored in the warehouse that it was necessary to carry these articles across an elevator well, to get them out of the building. To do that, the elevator had to be lowered to the level of the floor, and the goods were carried over it as it stood there. After they had been there a couple of hours, the elevator, for some purpose, was raised; and while they were waiting for it to be lowered again, and the plaintiff's intestate was leaning upon a bar put across the opening for a guard, it slipped out of its place, and he fell into the opening and was killed. That the jury might have found that the defendant was negligent, cannot be disputed. The statute (Laws 1894, c. 481, § 21) prescribes that, in any building in which there should be a freight elevator not otherwise inclosed, the openings in each floor shall be provided with, and protected by, a substantial guard, and with such good and sufficient trapdoors with which to close the same as may be directed and approved by the commissioner of buildings. It is not denied that the guard erected in front of this elevator well did not comply with the requirements of this statute, and that the jury would have been justified in finding that it was negligence to maintain it in the condition in which it was.

But the serious question in the case arises upon the question whether the jury might have found that the plaintiff's intestate was free from negligence which contributed to the accident. The defendant claims that Weiss, just before his fall, was leaning upon the guard across the elevator well, and that if it was not contributory negligence, of itself, to lean against the guard, yet the post which sustained the guard was so loose and shaky that he must have been aware of its condition, and negligence must necessarily have been imputed to him, in trusting his weight upon the bar, sustained by so insecure a support. The case turns, therefore, upon the question whether the post which supported this bar was so plainly insecure that the jury must have found that notice of that condition was imputable to Weiss because of the occasion which he had to go backward and forward over the elevator shaft. The jury must have found from the evidence that it was necessary to cross the elevator shaft for the purpose of carrying out these heavy articles which were to be taken from the warehouse, and that Weiss assisted to carry out these articles, and for that purpose went backward and forward over the elevator. They must have found that the bar which was intended to bar the elevator well was a substantial piece of wood, held up at each end by a cleat nailed to a post at either side of the opening. One post seems to have been near the wall, and as to the condition of that post no complaint is made, and it seems to have been sufficiently secure to hold the bar. The other post was of wood, about three feet high, fastened to the floor by two six-inch spikes on each side of it, by three L irons, one end of each of which was screwed to the post, and the other end screwed to the floor, with six screws in each iron. These screws had apparently become loose, or else were of insufficient strength to keep the post steady, so that upon

pressing against it the post was likely 'to give sufficiently to per-
mit the bar to slip out of the cleat in which it rested, and fall.
The question is whether the jury must have found from the evi-
dence that this defect was so noticeable that Weiss, as a reason-
ably prudent man, should have seen it. It does not appear from
the evidence that the jury could not have found that Weiss ever
saw the bar put in or taken out. That it was out of the post dur-
ing the time they were carrying the goods across the elevator
necessarily appears, but when or by whom it was taken out, or
that Weiss ever saw it taken out or put in, or that he ever saw it
in place until he went there and leaned upon it, does not appear,
and the jury could not have found it. Neither is there anything
to show that he had any occasion to observe the post, or the in-
security of its fastening. His business about the elevator was to
go over the shaft when the elevator was level with the floor, in
assisting to carry out the goods which were to be taken to the
truck. It cannot be said as a matter of law, nor would the jury
be required to find as a matter of fact, that in attending to that
business his attention ought to have. been or would have been
directed in the slightest degree to the post which stood at the
corner of the elevator shaft. There was no weight put upon the
post at that time, and his duties had no reference to the post, or
to the purpose for which it was put there. There is nothing to
show that either his attention or the attention of anybody else was
called to the condition of this post until after the accident had
occurred which caused his death. But the witnesses who testified
to the condition of the post say that their attention was called to
it after he fell, and that they did not examine it until that time,
and it is quite evident that there was nothing in the circumstances
or the surroundings which would call upon either of them to
examine it before. From the fact that each of those persons con-
sidered it necessary to examine the post after the man fell, it is
quite clearly to be inferred that there was nothing about its con-
dition which attracted or would attract their attention until the
accident occurred. For all that appears, the fastenings of the
post at the bottom were apparently sound and sufficient to hold
the post steady; and the witnesses only discovered that it was
not steady, and that it gave to pressure, by examination which
they made of it after the man was killed. The jury would have
been called upon to consider that there was nothing in the work
which was then doing, and in which these men were engaged,
which called upon them to examine the condition of the guard
which protected the elevator well. When they were at work
about the elevator, it stood level with the floor, and it was neces-
sary that the guard should be removed; and, when it was re-
moved, there was nothing to call attention to that which support-
ed it. So far as the case shows, the first time that Weiss had
anything to do with this guard was when he stood there, waiting
for the elevator to be let down to the floor to enable him to com-
plete his work. As he stood there, it appears from the testimony
that Kaffenberg, one of the men who was working with him, stood

at one end of the bar, leaning upon it. Weiss stood in the middle
of the bar,—also, as it seems, leaning upon it. How long he had
been there does not appear. It does appear, however, that, while
he and Kaffenberg were leaning upon the bar, it remained steady
enough to support whatever weight they put upon it, which the
jury might have found was not great. The immediate cause of
the accident, as the jury might have found from the testimony,
was that Koell, who was a witness in the case, in passing the
post, which was shaky, put his hand upon it, and that immediately
the post and the bar fell. Whether it was because of the weight
which Koell put upon the post when he put his hand upon it, or
whether one of the men who was standing against the bar changed
his position, and threw more weight upon it than had been there
before, does not appear. But the jury might have found that the
fall of the bar was caused by the act of Koell, who put his hand
upon the post as he was passing the place where these two men
were standing leaning against the bar. It does appear that the
mere leaning on the bar did not cause it to fall, because the men
had stood there three or four minutes, and until Koell came up,
before it fell. The question then arises whether, as a matter of
law, it was contributory negligence for Weiss to lean against this
bar, without having any knowledge of the insecurity of the post
which supported it. Upon that point there can be, as it seems
to us, but one answer. Whether it was contributory negligence
or not was clearly for the jury to say, and that question could not
have been determined by the court. The bar was there as a
guard. These men were waiting for the elevator to come down.
The bar was in place. Nothing was more natural than that, as
they stood there, practically in a passageway, they should have
drawn up close to the bar, and leaned upon it; and it clearly can-
not be said to be contributory negligence, as a matter of law, for
them to have done so. The conclusion we have reached is that
upon the evidence there was nothing to charge Weiss with knowl-
edge of the insecurity of the post, and there was no reason on his
part to believe, at the time he leaned upon it, that the post and
bar did not in fact constitute a substantial guard, such as the
law required the defendant to maintain; and it was for the jury
to say whether, in view of all the facts, he was guilty of contribu-
tory negligence in trusting so much of his weight upon that bar
that if the bar, for any reason, fell out of its place, he would be
likely to lose his balance and fall into the well. It must be re-
membered that the bar itself was plainly sufficient for the purpose
for which it was intended, and the post itself, so far as appears,
was strong enough to hold the bar securely. The defect was in
the manner in which the post was secured to the floor, and that
defect arose, not from the means taken to secure it, but from the
condition of the screws which were put in to hold it steady. Con-
sidering all these facts, we are of opinion that the jury might have
said from the evidence that the condition of the posts was not
such as to attract the attention of Weiss, who had no occasion to
examine it, and that it was not contributory negligence for him

to lean immediately against it, and therefore no improper act of his contributed to the injury which befell him.

The judgment therefore must be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. All concur, except O'BRIEN, J., dissenting upon the ground that plaintiff's intestate was guilty of contributory negligence.