WEINBERGER v. KRATZENSTEIN et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. NEGLIGENCE—ELEVATOR SHAFT—SUBSTANTIAL GUARD—QUESTION FOR JURY.

Plaintiff was injured by falling into the wellhole of an elevator, which was maintained and to be kept in repair by the owner of the building, and was used jointly by two tenants. Plaintiff, having business with one of them, went to the shaft to take the elevator, and while waiting for it leaned against the chain, which was the only guard to the shaft. The chain gave way, and he fell into the shaft. He testified that the bolt to which one end of the chain was fastened pulled out, while the man in charge of the elevator testified that the chain hook was straightened, but that the bolt did not pull out. Laws 1892, c. 275, § 26, provides that the openings to all freight elevators or wellholes shall be provided with substantial guards or gates. *Held*, that the questions whether the bolt pulled out or the hook straightened, and whether in either case the substantial guard required by the statute had been provided, were for the jury.

2. SAME—LIABILITY—DUTY TO REPAIR.

The tenant with whom plaintiff had business, being under no obligation to supply the guard to the wellhole, or to keep it in repair, was not responsible for the accident; hence the action was properly dismissed as to him.

Appeal from trial term, New York county.

Action by Edgar Weinberger against Herman Kratzenstein and others. From a judgment dismissing the complaint as to some of the defendants, and from an order granting a new trial as to the other defendants (71 N. Y. Supp. 244), plaintiff appeals. Judgment affirmed, and order reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Nathan Ottinger, for appellant.
Edward Mowton, for respondents.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the owners and tenants of a building. At the close of plaintiff's case, the complaint was dismissed as to the tenants, and the negligence of the owners of the building was thereafter submitted to the jury. The jury rendered a verdict of $1,000, which the court set aside and granted a new trial, and this appeal is taken from the judgment dismissing the complaint, as well as from the order setting aside the verdict.

The owners of the building leased a portion of it to the defendants Kratzenstein, Meyers, and Wallach, composing the firm of Kratzenstein & Co., and the other portion to one Nusbaum, who is not a party to the action. Kratzenstein & Co. and Nusbaum jointly employed a person to run a freight elevator situated in the rear of the building. This elevator was used, so far as Kratzenstein was concerned, to take freight and persons calling to see him on business to the upper floors. The plaintiff, a traveling salesman, went to the building in question for the purpose of selling to Kratzenstein some wrapping paper, and, seeing a notice to the effect that salesmen

were required to take the rear elevator, he passed to the rear of the building and entered the hall for that purpose. He found the elevator at the top of the building, and, while waiting for it to come down, put his hand upon the chain, which extended across the front of the elevator shaft. The chain gave way, and he fell into the shaft, and was seriously injured. The only witness sworn on the part of the plaintiff, as to just how the accident occurred, was the plaintiff himself. He testified, in substance, that while he was waiting for the elevator to come down he put his hand upon the chain and leaned over for the purpose of observing where the elevator was, and just at that instant the chain gave way by the bolt to which one end of it was fastened pulling out, and he was thereby thrown into the shaft and injured. It is true that the plaintiff contradicts himself as to seeing the bolt pulled out; but, nevertheless, that is a question, under the evidence, for the jury. On the part of the defendant the person in charge of the elevator testified that, immediately after the plaintiff was injured, he observed the only defect in the chain was that the hook which was fastened to one end of it was somewhat straightened, and that the bolt to which this hook was attached when the chain was in place did not pull out.

The defendants' negligence is based upon the alleged fact that they had failed to comply with section 26 of chapter 275 of the Laws of 1892. This section, in substance, provides that, in any building in which there shall be a hoistway or freight elevator or wellhole, not inclosed in walls constructed of brick or other fireproof material, the openings thereof, through and upon each floor, shall be provided with a substantial guard or gate, and with a good and sufficient trapdoor with which to close the same, as may be directed and approved by the superintendent of buildings, who has exclusive power and authority to require the openings, elevator shafts, etc., to be securely inclosed; that guards or gates shall be kept closed at all times except when in actual use, and the trapdoor shall be closed at the close of each day by the occupants of the building. It did not appear that the defendants had ever provided a trapdoor, but we do not understand that the appellant urges this as a ground of negligence, and, indeed, it could not well be, for the reason that under the statute the trapdoor was not required to be closed until the close of business at the end of each day, and the plaintiff was injured near the middle of the day; therefore the failure to comply with the statute, so far as the trapdoor is concerned, was not the cause of the injury. The mere fact that a person has violated a law is not sufficient to charge him with liability for an accident, unless the violation was the cause of, or had something to do with, the injury itself. Stewart v. Ferguson, 34 App. Div. 515, 54 N. Y. Supp. 615. Here, it is apparent that the violation of the statute, so far as the trapdoor is concerned, had nothing to do with the accident, and, if there is any liability at all, it must be by reason of the fact that either the owners of the building or the tenant failed to provide what the statute requires, viz., a substantial guard or gate. But there was no obligation resting upon the defendant Kratzenstein & Co. to provide a guard or gate, inasmuch as the other tenants in the building

had as much right to use the elevator as he did, and the obligation to repair the elevator was upon the owners, and they attended to the same. This is not only undisputed, but the lease expressly gives them the right to enter the building at any time for the purpose of making inspection and repairs. Grifhahn v. Kreizer, 62 App. Div. 413, 70 N. Y. Supp. 973. The complaint, therefore, was properly dismissed as to the defendant Kratzenstein & Co.

The remaining question is whether the court was justified in setting aside the verdict against the owners of the building. We do not think he was. There is no dispute but what the elevator shaft was inclosed on three sides, and that the only protection on the fourth side was an iron chain, which was firmly fixed in the wall at one end, the other end being hooked into an eyebolt or staple in the wall. The plaintiff testified that when he put his hand upon the chain the bolt pulled out, and in this way he was thrown into the elevator shaft. The statute contemplates that there shall be a substantial guard or gate, and it certainly could not be said, as a matter of law, if the chain gave way in the manner in which the plaintiff said it did, that it complied with the statute. In view of all the facts and circumstances, this was a question for the jury to determine. We are also of the opinion that, upon the testimony of the defendants' witness Zibson, to the effect that he discovered, immediately following the accident, that the hook was bent, a question was presented for the jury as to the sufficiency of the guard, because, if the hook could be bent to such an extent that it would become unfastened by a person leaning upon it in the manner in which the plaintiff said he did, then it was for the jury to say whether it was a substantial guard required by the statute; and, if it was bent before the plaintiff leaned upon the chain, it was still a question for the jury as to whether, if a proper inspection had been made, that fact would not have been discovered and the defect remedied. The Malloy Case, 156 N. Y. 205, 50 N. E. 853, 41 L. R. A. 487, upon which the learned justice relied in setting aside the verdict, as appears from his opinion, is clearly distinguishable from this one. There nothing was broken or defective. The chain had been removed from the staple by some one,—whom, the evidence did not disclose,—and there was no guard across the opening. Therefore the strength of the chain and the manner of its fastenings were not questioned in any respect. It was there claimed that the defendant was negligent in that he had not provided a substantial guard or rail; in other words, that a chain did not comply with the statute. A recovery was had, apparently upon this ground, which was reversed by the court of appeals,—that court holding that a charge of negligence could not be based solely on the omission to adopt one of the other methods provided in the statute, and that a chain, permanently fastened to the building at one end and attachable to the other by a hook and staple, when shown to be generally used for that purpose, is a substantial railing, within the meaning of the statute.

The case here under consideration, it seems to us, comes directly within Weiss v. Jenkins, 39 App. Div. 566, 57 N. Y. Supp. 708. There a bar had been placed across the opening into an elevator shaft,

and while the plaintiff's intestate and another man were leaning against it, waiting for the car to descend, the bar slipped from the cleat in which it rested, and the intestate was thrown into the shaft and killed. We held that whether or not the defendant was guilty of negligence in using the bar was for the jury. So here, whether the chain, and fastened in the way in which it was, complied with the statute, and whether the owners of the building were guilty of negligence in using it in its condition, were questions which were properly sent to the jury for their determination, and, the jury having found against them on these questions and rendered a verdict in favor of the plaintiff, we are of the opinion that the court erred in setting that verdict aside.

The order setting aside the verdict, therefore, must be reversed, with costs, the verdict reinstated, and judgment directed for the plaintiff in accordance with the verdict, with costs. The judgment dismissing the complaint as against the defendant Kratzenstein & Co. must be affirmed, with costs. All concur.