(161 App. Div. 210)

### BERGQUIST v. OREGON APARTMENTS CO. et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1914.)

1. MASTER AND SERVANT (§ 129*)—PROXIMATE CAUSE—VIOLATION OF STATUTE.
   Where plaintiff, employed by a carpenter having a contract for construction work, while on the ground hoisting lumber to the twelfth floor, was struck by a piece of lumber falling from some place in the building, but made no proof of his employer's negligence aside from his violation of Labor Law (Consol. Laws, c. 31) § 20, *forbidding the hoisting of lumber outside of and above the fifth floor of a building in course of construction,* such violation of the statute was not the proximate cause of the injury, and hence no liability could be predicated thereon.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257-263; Dec. Dig. § 129.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NEGLIGENCE (§ 134*)—VERDICT—SUFFICIENCY OF EVIDENCE.

In a servant's action against his employer and the party found to be the owner of the building upon which he was employed, where there was nothing to connect such owner or any of its employés with the injury, a verdict against it was not justified.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

Ingraham, P. J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Henry Bergquist against the Oregon Apartments Company and Henry Koch, impleaded with the Charles E. McManus Building & Operating Company. There was a judgment for plaintiff entered on verdict against the Oregon Apartments Company and Henry Koch, from which, and from an order denying a new trial, they appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

George H. Bruce, of New York City, for appellant Oregon Apartments Co.

Lowen E. Ginn, of New York City, for appellant Koch.

Moses Feltenstein, of New York City, for respondent.

McLAUGHLIN, J. Plaintiff had a verdict of $18,250 against the defendants Oregon Apartments Company and Koch, for personal injuries caused by his being hit by a piece of board which fell from one of the upper stories of a building in the course of construction. The Charles E. McManus Building & Operating Company, the owner of the premises, for the purpose of erecting a 12-story building thereon, entered into separate agreements with different contractors to do certain parts of the work. Before the building was completed, the McManus Company conveyed the property to the Oregon Apartments Company, and it thereafter continued the construction. Prior to this conveyance, the Oregon Apartments Company made a contract with the defendant Koch to do the carpenter work, and plaintiff was in his employ when the accident occurred. At that time he was engaged, with two others, in hoisting lumber from the ground to the top of the building, which had then been carried to the twelfth story, by means of a block and tackle, suspended from an "outrigger" on the roof. Koch, at the time, had only three laborers in the building, one on the roof, one inside the building at the sixth story, and the other on the ground. The duties of the one on the ground were to tie the end of the tackle around lumber to be raised, and then, with the assistance of the one located at the sixth story, pull on the rope, thus raising the load to the roof, where it was taken care of by the third laborer. Immediately preceding the accident plaintiff was located at the sixth story, but was called down by the man located upon the ground and took his place while he went for a pail of beer. While the plaintiff was hoisting a load of lumber, and before the return of the person whose place he had taken, a piece of board about four feet long, four inches

wide, and seven-eighths of an inch thick fell from some place in the building, just where is not disclosed by the record, and struck him in the face, practically destroying the sight of one eye, and causing a severe laceration of the face.    There is also some evidence that the injuries received caused a serious nervous and mental ailment from which, at the time of the trial, plaintiff was suffering.

The only witness who saw the board fall was the laborer on the roof.   He testified that he first saw it when it was near the sixth story; that he was unable to say where it came from, or what caused it to fall, except it did not come from the load of lumber which was being hoisted.

The action was brought against the McManus Company and the Oregon Apartments Company on the ground that it was one of their employés which caused the board to fall, and against Koch on the ground that he failed to supply plaintiff with a safe place in which to work.   The court asked the jury to make a specific finding as to whether the building was owned, at the time of the accident, by the McManus Company or the Oregon Apartments Company, with instructions that it find a verdict of no cause of action in favor of the one ·which was determined not to be the owner.   It also left to the jury to determine whether the accident was caused through the negligence of the owner of the building, whichever company that might be, and whether Koch discharged his duty to the plaintiff in failing to supply him with a reasonably safe place in which to work.   The jury found that the McManus Company was not the owner of the building, and on the other issues found for the plaintiff, rendering a verdict for $18,250 against both the Oregon Apartments Company and Koch. From the judgment entered thereon and an order denying a motion for a new trial, they separately appeal.

[1] Section 20 of the Labor Law provides, in part, that:

"If a building in course of construction is five stories or more in height, no lumber or timber needed for such construction shall be hoisted or lifted on the outside of such building."

Koch's liability is predicated upon a violation of this provison of the section.   It was undisputed, and the court so instructed the jury, that, aside from the fact that Koch was having the lumber hoisted on the outside instead of on the inside of the building, there was nothing whatever to show negligence on his part or to connect him with the accident.   The violation of the statute was not the proximate cause of the accident; in fact, it had nothing to do with it.   It may be that, if the plaintiff had not been upon the ground, he would not have been hit by the board; but the hoisting of the lumber had no more to do with his being hit by a board falling or being thrown from some place in the building than it would had it been thrown from the street.   The violation of a statute makes a prima facie case of negligence only where it can be said to be the cause of or in some way connected with the injury sustained; in other words, it must appear that the violation of the statute, before liability can be predicated thereon, was the proximate cause of the injury.   Weinberger v. Kratzenstein, 71 App. Div. 155, 75 N. Y. Supp. 537; Koch v. Fox, 71 App. Div. 288, 75 N. Y.

Supp. 913; Stewart v. Ferguson, 34 App. Div. 515, 54 N. Y. Supp. 615. I am of the opinion, therefore, that the motion to dismiss the complaint as to Koch should have been granted.

[2] I am also of the opinion that the evidence did not justify a verdict against the Oregon Apartments Company. The uncontradicted evidence shows that, at the time the accident occurred, it did not have any employés in the building, and therefore they could not have caused the board to fall. A superintendent engaged by the McManus Company, together with several laborers employed by him, were, at the time of the accident, at work about the building, as were employés of various other contractors; but this superintendent and the foreman under him both testified, and their testimony was uncontradicted, that on the day of the accident all of the employés working under them were at work in the cellar or on the sidewalk. At the close of the evidence, therefore, there was nothing to connect the Oregon Apartments Company or any of its employés with the accident in any way. Not only this, but the finding of the jury that it was the owner of the building when the accident occurred is against the evidence. The premises were conveyed by the McManus Company by deed dated April 22, 1911, acknowledged on the 24th, and recorded on the 31st of May following. The only testimony as to when the deed was delivered was that of McManus, the president of both companies, to the effect that it was not delivered until the day it was recorded, May 31st. The accident occurred on May 29th. The title to the premises, therefore, was in the McManus Company at the time of the accident, and the jury should have so found.

It follows that the judgment and order appealed from must be reversed, with costs, and the complaint dismissed, with costs.

LAUGHLIN, SCOTT, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. I concur in the reversal of the judgment and the dismissal of the complaint as to the Oregon Apartments Company, but I dissent from the dismissal of the complaint as the defendant Koch. I think the provisions of section 20 of the Labor Law were enacted for the purpose of protecting laborers engaged in the erection of a building from being injured by materials falling from the building, whether such material fell while being hoisted or from the building itself. The statute expressly prohibits lumber or timber used for the construction of a building over five stories in height from being hoisted or lifted on the outside of such building. The defendant Koch, who employed the plaintiff, was bound to obey this provision of the Labor Law and to hoist his lumber or timber in some other way than on the outside of the building. He hoisted the lumber on the outside of the building, however, and to properly perform his duties the plaintiff was required to be under the hoist and outside of the building itself. The violation of this provision of the Labor Law was, it seems to me, the direct proximate cause of the accident. If Koch had provided means by which the lumber could have been hoisted inside the building, as he was bound to do under the statute, the plaintiff would

not have been in a position where he could have been struck by a board falling from the building. I have serious doubts as to whether this verdict is not excessive, but, as my Associates are in favor of dismissing the complaint as to Koch, it is not necessary to consider that question.

I therefore think the judgment should be reversed, and the complaint dismissed as to the Oregon Apartments Company, and I dissent from the dismissal of the complaint as to Koch.