ANNIE DIERKES, Appellant, v. WOLF-SWEHLA DRY GOODS COMPANY, a Corporation, Respondent.

St. Louis Court of Appeals. Opinion Filed May 2, 1922.

LANDLORD AND TENANT: Negligence: Common Passage Way: Injuries to Persons Passing Over: Used by All Tenants: Premises Under Control of Landlord: Liability of Tenant. Where a common passage way used by all the tenants of a building and which was under the control of the landlord and not a part of the premises leased to defendant tenant nor under his control, was permitted to become dangerous and unsafe for use by persons passing on or over the same, and such tenant had no knowledge of its unsafe condition, he was not liable for injuries sustained by persons who might walk over or use the passage way.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Moses Hartmann,* Judge.

AFFIRMED AND REMANDED.

*D. J. O'Keefe* and *John J. Morris* for appellant.

(1)   Under the pleading and evidence submitted the landlord and tenant were both liable.   (a)   The landlord is liable by reason of his failure to maintain the walk in this common passageway in a reasonably safe condition for use by plaintiff who was an invitee of the tenant. 18 Am. & Eng. Ency. of Law, pp. 220, 245; Bushnell on Personal Injuries (2 Ed.), sec. 66-70; Herdt v. Koenig, 137 Mo. App. 589; Wilson v. Jones, 182 S. W. 756; Karp v. Barton, 164 Mo. App. 389; Stern v. Miller, 111 N. Y. Sup. 659; McGinley v. Alliance Trust Co., 168 Mo. 257, 266; Bender v. Weber, 250 Mo. 551; Miller v. Geeser, 193 Mo. App. 1; Udden v. O'Reilly, 180 Mo. 650.   (b) The tenant is liable by reason of its duty to exercise ordinary care and caution to ascertain and keep the walk in this passageway which it used as an approach to its store in a reasonably safe condition for such use as it either expressly or impliedly invited plaintiff to make of this walk; it was negligence on the part of the tenant without warning to invite or induce plaintiff to enter upon this dangerous approach.   Welch v. McAllister, 15 Mo. App. 492; Glaser v. Rothschild, 221 Mo. 180; Aiken v. Sidney Steel Scraper Co., 197 Mo. App. 673; Hollis v. Merchants' Ass'n., 205 Mo. 508; Bushnell on Personal Injuries (2nd Ed.), Sec. 68-70; Cooley on Torts (2nd Ed.), p. 718; Shaw v. Goldman, 116 Mo. App. 332; Bender v. Weber, 250 Mo. 551; McCullen v. Fishell Amusement Co., 198 Mo. App. 130, 139.   (2)   Instruction No. 1, given for plaintiff, was not erroneous.   Under the pleadings and evidence in this case, this instruction was proper.   Glaser v. Rothschild, 221 Mo. 180; McCullen v. Fishell Amusement Co., 198 Mo. App. 130.   (3)   All of the instructions given at the request of the parties are the instructions of the court and are considered by the the jury as a whole.   Instruction No. 1 for plaintiff and No. 4 for defendant fully presented the case made by the pleading and the evidence in this case.   Gibler v. Terminal R. R. Ass'n, 203 Mo. 208; Turner v. Snyder,

139 Mo. App. 656; Luecke v. Railroad, 146 Mo. App. 500; Forge Co. v. Engine Co., 135 Mo. App. 86.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.*, for respondent.

(1)    The duty of keeping in safe condition for the use of his tenants and persons invited upon the premises by them of the parts of premises used in common by all the tenants, where the property is let in parts to several tenants is on the owner of the premises, and he alone is liable for failure to fulfill this duty.    Andrus v. Bradley-Alderson Co., 117 Mo. App. 322; McGinley v. Alliance Trust Co., 168 Mo. 257; Lang v. Hill, 157 Mo. App. 685; Marchek v. Klute, 133 Mo. App. 280.    (2)    The instructions numbered one, given for the plaintiff, and numbered three, given for the defendant, were clearly in conflict with each other, which was reversible error. · State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. 645; Rooker v. Deering, S. W. Railway Co., 204 S. W. 556; Pullam v. Vaughn, 218 S. W. 889.

BIGGS, C.—Appellant, who was plaintiff below, appeals from an order granting defendant a new trial, after verdict and judgment for plaintiff in a suit for damages based upon the alleged negligence of the defendant.

The action as originally brought was against one George Ande as owner and the defendant Wolf-Swehla Dry Goods Company as the lessee of certain real estate known as 2865, 2867 and 2869 South Jefferson avenue in the city of St. Louis.    At the trial the plaintiff took an involuntary nonsuit as to the said George Ande, and the sole question presented relates to the liability of the lessee Wolf-Swehla Dry Goods Company.    The property referred to was improved by buildings, the first floor of which was used for store purposes, and the upper floors for tenements or flats.    Defendant Wolf-Swehla Dry Goods Company occupied the first floor of the part of the building known as 2865 South Jefferson avenue, where it conducted a retail dry goods business.    The other parts

of the building were occupied by other tenants for business and residence purposes.

Lessee Wolf-Swehla Dry Goods Company will be referred to as the defendant. Between the building occupied by the defendant and the adjacent building No. 2867 there was a passageway 4½ feet wide extending from the sidewalk in front of the building on Jefferson avenue to the rear of said buildings. This passageway was on the north side of defendant's store building and extended to the west into a back yard opening on to an alley. This passageway was used in common by all of the tenants of the building for the purpose of egress and ingress. There was a door leading from the defendant's store to this passageway, which was about forty feet back from the front of the building and near to the west or rear end of the defendant's store. It was uncontradicted that this passageway was used in common by all the tenants of the building of which the defendant occupied a part, and that the passageway was in the control of the owner of the whole premises; that underneath this passageway, which was covered with granitoid paving, there was a cellar, which however, was not under the control or rented to the defendant.

The plaintiff charged that the defendant constructed or maintained a concrete walk through this passageway in an unsafe, defective and dangerous condition over the excavation or cellar adjacent to and alongside of the building occupied by the defendant, which concrete walk was used by the defendant and its customers in common with other tenants; that the defendant knew or by the exercise of ordinary care, in the construction and maintenance of said granitoid walk over said excavation, would have known that the same was dangerous and unsafe for use by persons passing on or over the same, and that it was the duty of the defendant to carefully maintain said walk and premises in a reasonably safe condition and good state of repair for the use by plaintiff going on and upon said premises. It is then charged that the defendant carelessly and negligently constructed

210 M. A.—10

and maintained said walk in a dangerous and defective condition, thereby causing injury to plaintiff.

On March 2, 1918, defendant had advertised a closing out sale at its store. The plaintiff having observed the advertisement of said sale, went to the defendant's place of business at about 8:30 o'clock on the morning of that day. Because of the crowd in the store she was unable to gain admittance through the front door, the same being closed and locked. She waited about the front of the store for some time and finally noticed that persons were going in and out through the passageway referred to and which adjoined the building on the north. With others she then proceeded through this passageway for the purpose of entering the store at the door which led from the passageway into defendant's store. There was considerable of a crowd in the passageway and at first she was unable to obtain admittance. While standing in the passageway persons in front of her were admitted to the store and others who had finished with their purchases came out. While standing in the passageway and awaiting her turn to be admitted the granitoid or concrete suddenly gave way and she with others was precipitated into the cellar beneath, causing her to be injured.

The walk referred to and which collapsed, had been constructed some twenty years before and was built upon wooden supports, which the evidence indicated had become old, decayed and rotten, and which were insufficient to support the walk under the conditions referred to. The space underneath the walk together with the cellar underneath the building occupied by the defendant, had frequently during a number of years been partially filled with water due to the sewers of the city overflowing, which caused the rotten condition of the wooden supports. The space beneath the walk was not a part of the premises leased by the defendant but, as stated, was under the control of the landlord, who owned the entire premises.

Instruction No. 1 for the plaintiff is as follows:

"The court instructs the jury, that if you believe and find from the evidence in this case, that on the 2d day of March, 1918, the defendant, Wolf-Swehla Dry Goods Company, was the occupant of the building at Number 2865 South Jefferson avenue, in which it conducted a dry goods store as mentioned in the evidence and if you further believe and find from the evidence in this case, that there was on the aforesaid day an excavation or cellar along the side of and beneath the building so occupied by said defendant, Wolf-Swehla Dry Goods Company, over a portion of which excavation or cellar there was at said time a concrete walk used by said defendant, Wolf-Swehla Dry Goods Company, as an approach to its said store; and if you further believe and find from the evidence that said defendant, Wolf-Swehla Dry Goods Company, through its agents in authority, invited or induced plaintiff, an intended customer of said defendant, to enter its store over said concrete walk, over said excavation, then you are instructed that the obligation or duty on the part of the defendant, Wolf-Swehla Dry Goods Company, was to furnish the plaintiff a reasonably safe approach, upon which to enter its said store, and if you further believe and find from the evidence, said defendant failed to exercise the ordinary care and caution, that a reasonably careful and prudent person would use and exercise under like or similar circumstances to furnish plaintiff a reasonably safe approach to enter its said store, then such failure, if you so find, was negligence on the part of said defendant, Wolf-Swehla Dry Goods Company, and if you further find from the evidence that on the 2nd day of March, 1918, plaintiff went upon said premises for the purpose of entering the store conducted by the defendant, Wolf-Swehla Dry Goods Company, and while so doing passed over and upon the concrete walk mentioned in the evidence, and that the said walk by reason of its unsafe condition, if you find it was so, gave way and caved into the excavation or cellar beneath said concrete walk and that plaintiff was thereby precipitated down and in-

to said excavation or cellar and injured, then your verdict should be in favor of plaintiff and against the defendant, Wolf-Swehla Dry Goods Company.''

On the question of duty and liability the Court instructed the jury on behalf of defendant as follows:

''3.   If from the evidence the jury find and believe that the passageway and concrete walk leading westwardly from Jefferson avenue through the buildings mentioned in the evidence into the back yard of the premises mentioned in the evidence was used by all the tenants occupying parts of said buildings for access into the parts of said buildings occupied by them and said yard, then it was the duty of the owner of said property, George Ande, to keep said walk in reasonably safe condition for the use of the occupants of said property and persons invited thereon by them, and the defendant, Wolf-Swehla Dry Goods Company, as an occupant or tenant of said property was under no duty or obligation to keep said concrete walk in repair and safe for the use of persons who might walk over or use the same, and is not liable to the plaintiff, Mrs. Annie Dierkes, in this case and your verdict will be in favor of the defendant.''

After the verdict, the defendant's motion for new trial was sustained by the court on the ground that the aforesaid instruction No. 1 given for plaintiff was erroneous and in conflict with instruction No. 3 given for the defendant.   That these two instructions are conflicting and inconsistent, is apparent from a reading of the same.   Consequently the court was unquestionably right in granting the new trial because of such conflict and inconsistency.   However, the question is presented as to which one of these instructions properly declares the law with reference to the duty and liability of the defendant lessee under the evidence.

In view of the fact that the uncontradicted evidence disclosed that this was a common passageway used by all the tenants and which was under the control of the landlord and not a part of the premises leased to the defendant; and in view of the fact that the excavation or

cellar underneath the walk and the supports to the walk were in nowise a part of the premises leased to the defendant and were not in any way under its control; and in view of the fact that the evidence failed to disclose that the defendant lessee knew of the unsafe condition of the walk, we think that the defendant's instruction No. 3 properly declared the law. [McGinley v. Alliance Trust Company, 168 Mo. 257, 66 S. W. 153; Andrus v. Bradley-Alderson Co., 117 Mo. App. 322, 93 S. W. 872; 1 Tiffany on Landlord and Tenant, page 794, par. 121; Burt v. The City of Boston, 122 Mass. 223; Weinberger v. Kratzenstein, 71 App. Div. 155; 75 N. Y. Supp. 537.]

Mr. Tiffany states the rule thus: "The obligation of a tenant to exercise reasonable care to prevent injuries to third persons by reason of dangerous conditions in connection with the property would ordinarily extend only so far as his control extends, and would not render a tenant of part of a building liable for defects in other parts of the buildings or in the sidewalk in front of the building."

In Weinberger v. Kratzenstein, supra, it is held that a tenant with whom the plaintiff had business, being under no obligation to supply a guard to a well hole in an elevator shaft or keep it in repair because the same was under the control of the landlord, but which was used to reach the tenant's place of business, was not responsible to plaintiff who was injured by falling into the well hole due to an insufficient guard.

In McGinley v. Alliance Trust Company, supra, which has been often approved and followed, the Supreme Court places the duty on the landlord to use ordinary care to maintain the common passageways of his building in safe condition, where he leases portions of the same building to different tenants, and where he necessarily reserves under his control those parts of the building which are used in common by all the tenants.

In the present case the passageway which collapsed and injured the plaintiff, was not a part of the defendant's leased premises, nor was it under its control, nor

did it have any knowledge of its unsafe condition. If such facts were found by the jury, then the defendant should not be held responsible. To do so would be to rule that a tenant of a large office building in the city of St. Louis, who rented a room therein for business purposes and who invited its customers there, might be held responsible for injuries received by such customers due to the defective condition of the common hallway, stairways and elevators which are used by all of the tenants of the building and which are under the control of the owner. Negligence can spring only from an unperformed duty. A tenant of a part of a building under such circumstances has no control over the common passageways used by all the tenants and others there by invitation. Such tenant has no right to repair such stairways, passageways and elevators. Such are in nowise under his control, but are under the control of the owner. There is no contention in the case that the defendant knew or had reason to believe that the concrete walk was in an unsafe condition at the time.

Plaintiff has cited us to Glaser v. Rothschild, 221 Mo. 180, 120 S. W. 1, and Aiken v. Sidney Steel Scraper Company, 197 Mo. App. 673, 198 S. W. 1139, as cases declaring a contrary doctrine and as being authority for the proposition that the tenant under such circumstances should be held liable as well as the landlord or owner. An examination of these cases will disclose that the facts are entirely different from the facts in the case at bar. In Glaser v. Rothschild plaintiff was actually upon that part of the premises leased by the tenant and was there at the tenant's invitation. Being an invitee it was ruled there was a duty on the part of the tenant to exercise ordinary care to prevent the injury which befell the plaintiff.

In Aiken v. Sidney Steel Scraper Company the plaintiff was injured by falling into an elevator shaft which was unguarded. While other tenants occupied the building, defendant in that case, as shown by the evidence and stated in the opinion, used the elevator for carrying

up and down its goods and its customers. At the time the tenant was in charge of and operating the elevator, and the plaintiff being the tenant's customer was invited by the tenant to go to the particular place where the goods were kept by way of this elevator, which defendant undertook to operate.

The court's action in granting a new trial should be affirmed, and the cause remanded.

PER CURIAM:—The foregoing opinion of BRIGGS, C., is adopted as the opinion of the court. The judgment of the Circuit Court is accordingly affirmed and the cause remanded. *Allen, P. J., Becker* and *Daues, JJ.,* concur.